
EXHIBIT A

IN THE CIRCUIT COURT OF HAMILTON COUNTY, TENNESSEE
AT CHATTANOOGA

MICHAEL S. BECKER and
LORRAINE BECKER,
    Plaintiffs
vs.

No. 13C974
JURY DEMANDED

FORD MOTOR COMPANY,
    Defendant.

## COMPLAINT

Come the Plaintiffs, MICHAEL S. BECKER and LORRAINE BECKER, and for a cause of action against Defendant, FORD MOTOR COMPANY, would show as follows:

1. Plaintiff, MICHAEL S. BECKER, is a resident of Chattanooga, Tennessee.

2. Plaintiff, LORRAINE BECKER, is the spouse of MICHAEL S. BECKER and is also a resident of Chattanooga, Tennessee.

3. Defendant, FORD MOTOR COMPANY, is a corporation organized and existing under the laws of the State of Delaware, and having its' principal place of business in Dearborn, Michigan, but which it, at all times pertinent hereto, was doing business in the State of Tennessee. The Defendant, amongst other business activities, is engaged in the manufacture and sale of motor vehicles including Ford F150 pickup trucks.

4. The Defendant's Registered Agent is C.T. Corporation Systems whose address is 800 S. Gay Street, Suite 2021, Knoxville, TN 37929-9710.

1

5. On July 28, 2012, the Plaintiff, MICHAEL S. BECKER, was a guest passenger in a Ford F150 truck (hereinafter the truck) owned by MICHAEL S. BECKER and operated by his son, Phillip Becker.

6. The aforementioned truck was traveling west on East Third Street in Chattanooga, Tennessee when it inexplicably left the road and struck a light pole at the intersection of East Third Street and Central Avenue.

7. In the collision described herein the passenger restraint system for Phillip Becker activated and he sustained minor injuries.

8. The passenger restraint system for the Plaintiff, MICHAEL S. BECKER, failed to operate properly and the Plaintiff sustained multiple severe and disabling injuries including, but not limited to, open right tibial fracture, open left tibial shaft fracture, open left metastatic neck fracture 2 through 4, open right distal radius fractures, right humeral shaft fractures, right medial humeral condyle fracture, right pertrochanteric femoral fractures, right acetabular fracture, pelvic fractures and a mid-thoracic spinal cord injury.

9. As a result of the aforementioned injuries the Plaintiff, MICHAEL S. BECKER, was required to undergo numerous operations on his body and experienced severe complications including pneumonia and stage 4 decubitus.

10. The Defendant, FORD MOTOR COMPANY, designed, manufactured, and sold the Ford F150 that is at issue in this cause of action.

2

11. The Defendant, FORD MOTOR COMPANY, participated in the design, manufacture, sale, and maintenance of the Ford F150 in which the Plaintiff sustained his injuries. The design of the product was unreasonably dangerous in that it failed to perform in the manner that would be expected by a reasonable and intended user of the product.

## STRICT LIABILITY

12. Plaintiff, MICHAEL S. BECKER, hereby adopts and incorporates by reference as though fully set forth herein all of the allegations of fact in the preceding paragraphs.

13. At all times material hereto, Defendant, FORD MOTOR COMPANY, was in the business of developing, manufacturing and marketing automobiles, including pickup trucks, for sale to the general public.

14. The Ford F150 truck in question was manufactured, sold and placed into the stream of commerce by the Defendant, FORD MOTOR COMPANY, in an unsafe and defective condition and was unreasonably dangerous for intended users by reason of defects in its' design, manufacture, testing and/or marketing:

   a. By designing, manufacturing and providing a passenger restraint system that did fail in a head on collision;

   b. By failing to provide proper and clear warnings of the dangers that the passenger restraint system might fail by not engaging as intended;

   c. In selling a restraint system that was manufactured improperly.

3

d. In failing to use available design and engineering skill or knowledge to produce a passenger restraint system that would protect an individual such as the Plaintiff;

e. In failing to provide adequate warnings to intended users such as the Plaintiff;

f. In failing to adequately inspect the passenger restraint system prior to offering it for sale;

g. In failing to manufacture the Ford F150 truck in such a way that it was suitable for ordinary use.

h. In failing to manufacture or design the Ford F150 in such a way that it could be operated safely.

15. The passenger restraint system in the F150 which was manufactured by the Defendant, Ford Motor Company, was sold and placed into the stream of commerce by the Defendant and it reached the Plaintiff without substantial change in its' design or structure.

16. At the end of 2006 a manufacturing defect caused the motor vehile collision.

17. Defendant, FORD MOTOR COMPANY, is strictly liable to the Plaintiff, MICHAEL S. BECKER, by reason of having designed, manufactured, tested, marketed, sold and placed into the stream of commerce an unreasonably dangerous product which was the direct and proximate cause of the injuries complained herein.

4

18. The Defendant is strictly liable to the Plaintiff by placing in the stream of commerce a product that does not meet the expectations of a reasonable consumer.

## BREACH OF WARRANTY

19. Plaintiff, MICHAEL S. BECKER, hereby adopts and incorporates by reference as though fully set forth herein all of the allegations to fact in the preceding paragraph.

20. As vendors of the Ford F-150 in which the Plaintiff was injured, the Defendant, FORD MOTOR COMPANY, made certain warranties, express and implied, that the vehicle was merchantable and fit for its' intended purposes as well as safe for normal use.

21. Contrary to these warranties of merchantability, fitness and safety, both expressed and implied, the passenger restraint system in the Ford F-150 failed to operate properly.

22. No negligence on the part of the Plaintiff, MICHAEL S. BECKER, contributed to the happening of his injuries.

23. The Plaintiff, MICHAEL S. BECKER'S, injuries and damages as recited herein occurred directly and were proximately caused by the breach of warranty of the Defendant.

## DAMAGES

24. Plaintiff, MICHAEL S. BECKER, hereby adopts and incorporates by reference as though fully set forth herein all of the allegations of fact in the preceding

5

paragraphs.

25. As a direct and proximate result of the tortious action of the Defendant as set forth herein the Plaintiff, MICHAEL S. BECKER, has sustained severe and disabling injuries, experienced horrific pain and suffering, lost past and future income and been deprived of the ordinary pleasures of life. The Plaintiffs have also been rendered liable for the cost of medical care and treatment, past, present and future, made necessary for the treatment of the injuries suffered by MICHAEL S. BECKER.

## LOSS OF CONSORTIUM

26. Plaintiff, LORRAINE BECKER, hereby adopts and incorporates by reference as though fully set forth herein all of the allegations of fact in the preceding paragraphs.

27. The Plaintiff, LORRAINE BECKER, is the spouse of the Plaintiff, MICHAEL S. BECKER. As a direct and proximate result of the aforementioned acts and omissions of the Defendant, FORD MOTOR COMPANY, the Plaintiff has been deprived of the society and services of her Husband, and has been made liable for the cost of his medical care, past, present and future.

**WHEREFORE, PREMISES CONSIDERED** the Plaintiff, MICHAEL S. BECKER, demands as follows;

1. Service of process issue to the Defendant as required by law and that they be required to appear and answer this Complaint.

2. Following the trial of this cause, the Plaintiffs be awarded a judgment

6

from the Defendants in the amount of TWENTY MILLION DOLLARS ($20,000,000.00).

3. Plaintiff, LORRAINE BECKER, demands judgment for her loss of the consortium of her Husband in the amount of FIVE MILLION DOLLARS ($5,000,000.00).

4. The Plaintiffs demand such other and general relief as to which they may be entitled by operation of law.

5. The Plaintiffs demand a jury to try the issues joined.

Respectfully submitted this ___24th___ day of ___July___ 20_12_.

**MICHAEL S. BECKER and
LORRAINE BECKER,**
Plaintiffs, By their Attorneys

CHANCEY, KANAVOS, LOVE & PAINTER

BY: _____
H. FRANKLIN CHANCEY (BPR #013187)
Attorney for Plaintiffs
P.O. Box 421
Cleveland, TN 37364-0042
(423) 479-9186

BY: _____
BERT H. BATES (BPR #05974)
Attorney for Plaintiffs
P.O. Box 177
Cleveland, TN 37364
(423) 476-4708

BY: _____
B. LYNN PERRY (BPR #13609)
Attorney for Plaintiffs
P.O. Box 545
Cleveland, TN 37364-0545
(423) 472--1619

7