UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

MICHAEL S. BECKER, *et al.*,         )
                                     )
    Plaintiffs,                      )
                                     )
v.                                   )     Case No. 1:13-cv-276-SKL
                                     )
FORD MOTOR CO.,                      )
                                     )
    Defendant.                       )

## CERTIFICATION ORDER

Before the Court are Plaintiffs' motion for certification to the Tennessee Supreme Court [Doc. 16], as well as Plaintiffs' motion for joinder [Doc. 10] and Plaintiffs' motion to amend [Doc. 11]. In the motion for certification, Plaintiffs do not specify an exact question of law for certification, but Plaintiffs appear to be asking that the Court certify the question of whether the 90 day window in the savings clause of Tenn. Code Ann. § 20-1-119 extends the statute of limitations if the person to be joined was known by the plaintiff at the time the statute of limitations expired.

## I. BACKGROUND

This case involves a product liability action for personal injury to Plaintiff Michael Becker. Plaintiff Michael Becker was injured when a 2005 F-150 pickup truck, manufactured by Defendant, crashed. At the time of the crash, Plaintiff Michael Becker was a passenger in the pickup truck, which was being driven by his son, Phillip Becker. Plaintiffs allege that Plaintiff Michael Becker sustained injuries when the passenger restraint system failed to engage during the crash due to improper manufacturing, design, testing, or marketing by Defendant.

Plaintiffs filed suit in Hamilton County Circuit Court on July 24, 2013. Plaintiffs'

complaint was removed to this Court on August 22, 2013 [Doc. 1]. Defendant filed its answer to Plaintiffs' complaint on August 26, 2013 [Doc. 7], in which Defendant alleged the comparative fault of Phillip Becker, a non-party. Plaintiffs filed both a motion for joinder [Doc. 10] and a motion to amend [Doc. 11] on October 1, 2013, seeking to join Phillip Becker as a defendant pursuant to Tenn. Code Ann. § 20-1-119 and to amend their complaint to include allegations against Phillip Becker. Defendant filed its response in opposition to both the motion for joinder and the motion to amend on October 15, 2013 [Doc. 14]. Plaintiffs filed the motion for certification [Doc. 16] on October 17, 2013.

Before the parties consented to the jurisdiction of the undersigned magistrate judge, I issued a Report and Recommendation [Doc. 20] on October 28, 2013, recommending that the Court deny both Plaintiffs' motion for joinder [Doc. 10] and motion to amend [Doc. 11]. In the Report and Recommendation, I recommended that the Court deny Plaintiffs' motion for joinder and motion to amend, based on clear Sixth Circuit precedent. However, I also recommended that, if the Court decided to certify the question, Plaintiffs' motion to amend be provisionally granted pending the Tennessee Supreme Court's acceptance, if any, of a certified question and decision on the issue. Defendant objected to the recommendation that the motion to amend be provisionally granted if a question was certified [Doc. 24] and filed opposition to Plaintiffs' motion for certification [Docs. 21, 22 & 23]. Defendant opposes certification, arguing there is clear Sixth Circuit authority on this question making certification unnecessary and wasteful and arguing the question is not determinative of the cause as required by Tennessee Supreme Court Rule 23. Plaintiffs have not filed a timely reply.

II. DISCUSSION

Under Tennessee Supreme Court Rule 23, this Court may certify a question of law to the

2

Tennessee Supreme Court when it "determines that, in a proceeding before it, there are questions of law of this state which will be determinative of the cause and as to which it appears to the certifying court there is no controlling precedent in the decisions of the Supreme Court of Tennessee." Tenn. Sup. Ct. R. 23 § 1. Whether to certify a question of state law is a decision that "lies within the sound discretion of the district court." *Pennington v. State Farm Mut. Auto Ins. Co.*, 553 F.3d 447, 449-450 (6th Cir. 2009) (quoting *Transam. Ins. Co. v. Duro Bag Mfg. Co.*, 50 F.3d 370, 372 (6th Cir. 1995)). "Certification 'is most appropriate when the question is new and state law is unsettled.'" *BKB Properties, LLC v. SunTrust Bank*, 453 F. App'x 582, 588 (6th Cir. 2011) (quoting *Transam. Ins. Co.*, 50 F.3d at 372). "[T]he federal courts generally will not trouble our sister state courts every time an arguably unsettled question of law comes across our desks. When we see a reasonably clear and principled course, we will seek to follow it ourselves." *BKB Properties, LLC*, 453 F. App'x at 588 (quoting *Pennington*, 533 F.3d at 450). Thus, this Court may decide to certify the question of law at issue here if it (1) will be determinative of the cause and (2) has no controlling precedent in Tennessee Supreme Court decisions.

        A.       **Is the Question of Law Determinative of the Cause?**

This Court may certify the question of law to the Tennessee Supreme Court only if it determines that the question of law "will be determinative of the cause." Tenn. Sup. Ct. R. 23 § 1. If the Tennessee Supreme Court were to hold that the savings clause of Tenn. Code Ann. § 20-1-119 only applies to extend the statute of limitations for an alleged comparative tortfeasor who was *previously unknown* by the plaintiff, then Plaintiffs could not bring any claims against Phillip Becker as the statute of limitations would have run and the savings clause would not apply. The question of law currently at issue is therefore determinative of Plaintiffs' claims against Phillip

3

Becker, as this question of law will determine whether Plaintiff can bring suit against Phillip Becker. The question of law will not be determinative of Plaintiffs' claims against Ford Motor Company, as Plaintiffs may proceed with their case against Ford Motor Company regardless of the status of their claims against Phillip Becker.

Therefore, the Court must determine whether Rule 23's requirement that the question of law be "determinative of the cause" requires that the question of law be case-dispositive or claim-dispositive. Rule 23 itself is not clear as to whether the question of law must be determinative of the entire case or merely determinative of a claim or issue within the case. Thus, the Court must look to the Tennessee Supreme Court's decisions regarding what is determinative of the cause. The Tennessee Supreme Court has previously accepted certified questions involving a plaintiff's claims against only one defendant in a multi-defendant case. *Abels ex rel. Hunt v. Genie Industries, Inc.*, 202 S.W.3d 99, 100-102 (Tenn. 2006) (accepting certified questions involving whether the statute of limitations had tolled and expired for one defendant, where the certified questions did not affect the plaintiff's claim against the other defendant); *Curtis v. G.E. Capital Modular Space*, 155 S.W.3d 877, 879 (Tenn. 2005) (accepting certified questions involving whether a plaintiff could amend a worker's compensation complaint under Tenn. Code Ann. § 20-1-119 to include a claim against a third-party tortfeasor named by the defendant employer in its answer). Accordingly, the Court **FINDS** that the question of law at issue is determinative of the cause, as it is dispositive of Plaintiffs' claims against Phillip Becker.

### B. Is There Controlling Precedent on the Question of Law?

The question of law at issue is whether knowledge by a plaintiff of the potential fault of a known person before the expiration of the applicable statute of limitations bars the use of T.C.A. § 20-1-119 to defeat a statute of limitations defense under the circumstances alleged here. This

4

Court has previously recognized that there appears to be conflicting authority on the issue of whether § 20-1-119 applies only to previously unknown tortfeasors. *See Fortner v. Burrell*, No. 2:10-cv-119, 2011 WL 240803, at *2 (E.D. Tenn. January 24, 2011) (Jordan, J.) (comparing *Schultz v. Davis*, 495 F.3d 289, 295 (6th Cir. 2007) with *Townes v. Sunbeam Oster Co.*, 50 S.W.3d 446, 453 (Tenn. Ct. App. 2001)).[1] The decision of the United States Court of Appeals for the Sixth Circuit ("Sixth Circuit") on this question of law appears to conflict with decisions of the Tennessee Court of Appeals, and it does not appear that the Tennessee Supreme Court has directly spoken on the issue.

The Sixth Circuit has addressed the issue,[2] stating in relevant part:

> Although there is a split among the Tennessee Court of Appeals as to whether this statute applies to previously 'known' versus 'unknown' potential defendants, the Tennessee Supreme Court has been clear that this savings statute applies only when the new defendant is discovered in the answer *after* the statute of limitations has run.

*Schultz*, 495 F.3d at 294 (citing *Doyle v. Frost*, 49 S.W.3d 853, 859 (Tenn. 2001); *McNabb v.*

---

[1] In *Fortner*, however, the Court was able to resolve the matter without addressing the conflict.

[2] Some commentators have suggested the Sixth Circuit has misconstrued the plain language of the statute and the relevant case law. *See* Day, Capparella & Wood, *Tennessee Practice Series: Tennessee Law of Comparative Fault* § 5:5 (2d ed. 2013), *available at* Westlaw TNPRAC-CF ("Therefore, the knowledge of the plaintiff of the potential fault of a person before the expiration of the applicable statute of limitations does not bar the plaintiff from suing that person within 90 days after a defendant alleges fault against that person in an answer or amended answer and still utilize T.C.A. § 20-1-119 to defeat a statute of limitations defense. . . . Unfortunately, the federal courts have not applied this law and still hold that a plaintiff who knew or should have known about the existence of a nonparty before the expiration of the statute of limitations cannot get the benefit of T.C.A. § 20-1-119 . . . . The authors respectfully submit that the Sixth Circuit Court of Appeals is wrong on this point.").

*Highways, Inc.*, 98 S.W.3d 649, 654 (Tenn. 2003)).[3]  In *Shultz*, the plaintiffs argued that the savings statute applies to any third-party named as a comparative tortfeasor in a defendant's answer, regardless of whether that third-party was known or unknown to plaintiffs before the statute of limitations had run.  495 F.3d at 294-95.  The Sixth Circuit stated that it had already "spoken on the purpose of the statute," which was "to prevent a defendant from naming and attributing fault to a *previously unknown* responsible party in its answer when the time for the plaintiff to bring the newly named party into the suit was insufficient or had passed."  *Id.* at 294 (emphasis added) (quoting *Whittlesey v. Cole*, 142 F.3d 340, 345 (6th Cir. 1998)).  Because the plaintiffs in *Schultz* "knew about [the third-party] as a potential defendant well before the statute of limitations had run," the Sixth Circuit held that the savings statute did not apply.  495 F.3d at 295.

In the motion for certification, Plaintiffs argue that the Sixth Circuit's decision in *Schultz* "incorrectly states Tennessee law with respect to the operation of T.C.A. 20-1-119 as no Tennessee State decisions have reached the result set forth in *Schultz*."  [Doc. 16 at Page ID # 58]. Plaintiffs cite to *Austin v. State*, 222 S.W.3d 354 (Tenn. 2007), as "stand[ing] for the proposition

---

[3] The Tennessee Supreme Court cases cited by the Sixth Circuit in *Schultz* do not appear to speak to the issue of § 20-1-119's applicability to previously known comparative tortfeasors, but rather speak to the timing requirement that the defendant allege the third-party tortfeasor after the statute of limitations has run against that third-party.  The following quoted citation from *Schultz*, 495 F.3d at 294, which the Sixth Circuit cited for its proposition that "the Tennessee Supreme Court has been clear that this savings statute applies only when the new defendant is discovered in the answer *after* the statute of limitations has run," includes parenthetical quotations from two Tennessee Supreme Court cases, neither of which address whether previously known tortfeasors are covered by § 20-1-119.  "*See Doyle v. Frost,* 49 S.W.3d 853, 859 (Tenn. 2001) (stating that T.C.A. 20-1-119(a) 'applies in comparative fault cases when a plaintiff has sued a defendant and the defendant alleges, **after the statute of limitations has expired,** that a nonparty caused or contributed to the plaintiff's injury') (emphasis added); *see also, McNabb v. Highways, Inc.,* 98 S.W.3d 649, 654 (Tenn. 2003) (stating that T.C.A. 20-1-119(a) applies 'when a defendant's answer asserts comparative fault and identifies a tortfeasor **against whom the statute of limitations has run**') (emphasis added)."  *Schultz*, 495 F.3d at 294.

6

that the fact that the Plaintiff knew of the existence of a non party prior to the expiration of the statute of limitations was not a bar to reliance on T.C.A. 20-1-119." *Austin* does not address the issue of known versus unknown third-party tortfeasors, but rather addresses the preciseness of language required for a comparative fault allegation to trigger Tenn. Code. Ann. § 20-1-119. The court in *Austin* held, "A defendant is not required to allege the fault of the nonparty explicitly or use the words 'comparative fault.'" Thus, *Austin* is not on point, as the issue here is whether § 20-1-119 applies to any third-party tortfeasor identified by a defendant or only to third-party tortfeasors previously unknown to a plaintiff.

Plaintiffs may have cited *Austin* because in it the Tennessee Supreme Court cites to *Townes v. Sunbeam Oster Co.*, 50 S.W.3d 446 (Tenn. Ct. App. 2001) with approval. *Austin*, 222 S.W. at 357. *Townes* held: "we conclude that a plaintiff's knowledge of the existence of other persons who might be liable for the plaintiff's injuries is irrelevant" for application of Tenn. Code Ann. § 20-1-119. 50 S.W.3d at 453. *Townes* expressly declined to follow the Sixth Circuit's decision on the issue in *Whittlesey*. *Id.* The Tennessee Supreme Court denied the defendant in *Townes* permission to appeal and recommended that the Tennessee Court of Appeals decision be published.

As there is no controlling precedent in the decisions of the Tennessee Supreme Court, this Court **FINDS** that certification is appropriate on the determinative question of law at issue in this case.

## III. CONCLUSION

Accordingly, Plaintiffs' motion for certification [Doc. 16] is **GRANTED** and it is hereby **ORDERED** that the following question of law is certified to the Supreme Court of Tennessee:

> When a plaintiff knows the identity of a potential tortfeasor at the time of the filing of plaintiff's original complaint and prior to the

running of the applicable statute of limitations and the plaintiff chooses not to sue said known potential tortfeasor, can the plaintiff then later rely on the 90-day savings provision of Tenn. Code Ann. § 20-1-119 in order to add the previously known potential tortfeasor to the existing lawsuit after the defendant alleges comparative fault against the known potential tortfeasor notwithstanding the expiration of the statute of limitations?

This certification order shall be filed and served pursuant to Rule 23 of the Rules of the Supreme Court of Tennessee. The parties are **DIRECTED** to follow the briefing schedule delineated by that Rule. Pursuant to Rule 23, Plaintiffs Michael and Lorraine Becker are **DESIGNATED** as the moving party. The style of the case is Michael Becker and Lorraine Becker v. Ford Motor Company. As required by Rule 23, the following are noted as being the counsel of record for the respective parties:

| | |
|---|---|
| Plaintiffs Michael & Lorraine Becker: | H. Franklin Chancey<br>121 Broad Street<br>P.O. Box 42<br>Cleveland, TN 37364-0042<br>(423) 479-9186 |
| | Bert H. Bates<br>P.O. Box 177<br>Cleveland, TN 37364-0177<br>(423) 476-4708 |
| | B. Lynn Perry<br>P.O. Box 545<br>Cleveland, TN 37364-0545<br>(423) 472-1619 |
| Defendant Ford Motor Company: | J. Randolph Bibb, Jr.<br>424 Church Street, Suite 2500<br>P.O. Box 198615<br>Nashville, TN 37219-8615<br>(615) 259-1366 |

Robert F. Chapski
424 Church Street, Suite 2500
P.O. Box 198615
Nashville, TN 37219-8615
(615) 259-1378

Whitney Henry Kimerling
424 Church Street, Suite 2500
P.O. Box 198615
Nashville, TN 37219-8615
(615) 574-6739

Additionally, for the reasons discussed herein and in the Report and Recommendation, Plaintiffs' motions to join and amend [Docs. 10 & 11] are hereby **PROVISIONALLY GRANTED** pending the Tennessee Supreme Court's decision as to whether accept and answer the certified question.[4] Plaintiffs are **DIRECTED** to file and serve their amended complaint, containing their allegations against Phillip Becker, within **seven days** of this order. It is further **ORDERED** that, with the exception of the filing of the amended complaint, this case is hereby **STAYED** pending the Tennessee Supreme Court's decision regarding the certified question. The case will remain stayed until further order of the Court.

SO ORDERED.

ENTER:

s/ *Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE

---

[4] The 90-day timeframe to add a comparative tortfeasor under the savings statute would otherwise expire prior to the Tennessee Supreme Court's decision on whether to accept and answer the certified question. A provisional granting of Plaintiffs' motion to amend will prevent an inequitable result should the Tennessee Supreme Court find in Plaintiffs' favor after the 90-day time period has expired.

9